UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HECTOR GARZA, | ) | 1:05-CV-01101-AWI-DLB-HC |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER GRANTING EXTENSION OF |
| v. | ) | TIME TO FILE AN OPPOSITION |
| | ) | TO DEFENDANTS' MOTION TO |
| WARDEN EVANS, et al., | ) | DISMISS AND DENYING APPOINTMENT |
| | ) | OF COUNSEL |
| Respondents. | ) | |
| | ) | (DOCUMENT #16) |

Petitioner is a state prisoner proceeding pro se in a habeas corpus action pursuant to 28 U.S.C. § 2254. On February 22, 2006, petitioner filed a motion to extend time to file an opposition to defendants' motion to dismiss. Good cause having been presented to the court and GOOD CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED that petitioner is granted **sixty (60)** days from the date of service of this order in which to file his opposition.[1]

Petitioner has also requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th

---

[1] Petitioner attaches a copy of a letter issued by G. Goddard, Ph.D on February 2, 2006, at Corcoran State Prison, indicating that the law library at that facility is undergoing "extensive remodeling and modifications to accommodate the installation of an electronic law library retrieval system." (Court Doc. 16, Attachment.) Mr. Goddard indicates that there has been no access to the libraries by inmates who have been identified as Priority Legal Users. (Id.)

The Court recognizes this unusual circumstance and that Petitioner is requesting a three to four month extension of time; however, the Court is initially granting Petitioner sixty days as it is unclear at what point the facility will be accessible. If the sixty day period proves to be an insufficient the amount of time, Petitioner must re-submit further evidence of the lack of access to the prison law library during that time frame.

Cir.), cert. denied, 358 U.S. 889 (1958); Mitchell v. Wyrick, 727 F.2d 773 (8th Cir.), cert. denied, 469 U.S. 823 (1984).  However, Title 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Rules Governing Section 2254 Cases.  In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.  Accordingly, IT IS HEREBY ORDERED that petitioner's request for appointment of counsel is denied.

IT IS SO ORDERED.

Dated:   March 8, 2006                           /s/ Dennis L. Beck
ah0l4d                                           UNITED STATES MAGISTRATE JUDGE